**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| **MCI COMMUNICATIONS SERVICES, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.**   3:17CV00009 |
| **MASTEC NORTH AMERICA, INC.,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff, MCI Communications Services, Inc. ("MCI") hereby presents its Complaint against the Defendant, MasTec North America, Inc. ("MasTec") and alleges and states the following:

## JURISDICTION AND VENUE

1.      Plaintiff MCI is a Delaware corporation, with its principal place of business in Basking Ridge, New Jersey.

2.      Defendant MasTec is a Florida corporation with its principal place of business in Coral Gables, Florida.

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).   Diversity of citizenship exists and this Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

4.      This Court has personal jurisdiction over Defendant because the events giving rise to this action occurred in Lovingston, Virginia.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) because Defendant conducts business in this judicial district, and because a substantial part of the events or omissions giving rise to this action occurred in Lovingston, Virginia.

## BACKGROUND INFORMATION

6.      MCI is a telecommunications company which provides interstate telecommunications services to individual and commercial users.  MCI's telecommunications services are provided through, among other means, a nationwide network of fiber-optic cable, which is buried underground.

7.      By agreement with the Virginia Department of Transportation ("VDOT"), MCI possesses the right to construct, operate, maintain and reinstall a fiber-optic cable system in the right-of-way of certain railroads of VDOT.  By virtue of this agreement, MCI is entitled to undisturbed possession of that right.  In accordance with this agreement, MCI installed a fiber-optic cable in VDOT's railroad right-of-way in or near Lovingston, Virginia (the "Cable").

## FIRST CLAIM FOR RELIEF - TRESPASS

8.      MCI adopts and incorporates by reference all allegations contained in paragraphs 1 through 7 above.

9.      Upon information and belief, on July 12, 2012, MasTec was conducting excavation operations with mechanized equipment along U.S. Highway 29, approximately 600 feet north of North Grapeland Drive in or near Lovingston, Virginia.

10.      Upon information and belief, on July 12, 2012, without MCI's knowledge or consent, and against MCI's will, MasTec severed MCI's fiber-optic cable while excavating with mechanized equipment as described in Paragraph 9 above.  At the point where the MCI fiber-

optic cable was severed, it was buried completely within VDOT's property pursuant to MCI's agreement with VDOT.

11.     As a result of MasTec's actions, MCI has sustained disturbance to its right of use or servitude and damages to and loss of use of its Cable, which have resulted in actual damages to MCI in excess of $75,000.00, including, but not limited to, direct and indirect costs of repairs, and the loss of the use of the Cable.

12.     MasTec's actions were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of MCI's rights and a conscious indifference to the consequences.

13.     MasTec is vicariously liable under the doctrine of *respondeat superior* for all grossly negligent and/or reckless and/or willful acts and/or omissions of its employees regarding the aforementioned excavation work.

**WHEREFORE**, MCI prays this Court grant judgment in its favor over and against MasTec on MCI's First Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in amount sufficient to punish MasTec for its actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

14.     MCI adopts and incorporates by reference all allegations contained in paragraphs 1 through 13 above.

15.     Upon information and belief, MasTec acted negligently on July 12, 2012.  This negligent conduct included, but is not limited to, the following:

A.    Failing to provide advance notice of the commencement, extent and duration of excavation work to the one-call notification system operating in the intended excavation area as required by Va. Code §§ 56-265.17(A), 56-265.18;

B.    Failing to plan the excavation to avoid damage to or minimize interference with MCI's underground fiber-optic cable prior to Defendant's excavation work;

C.    Failing to maintain a safe clearance between MCI's Cable and the cutting edge or point of Defendant's mechanized equipment;

D.    Failing to expose MCI's Cable by hand digging along the line of excavation as required by Va. Code § 56-265.24(A).

E.    Failing to use due care at all times to protect underground utility lines as required by Va. Code § 56-265.17(C);

F.    Failing to take adequate measures to ensure MCI's underground fiber-optic cable would not be damaged during Defendant's excavation work as required by Va. Code § 56-265.24;

G.    Failing to adequately train its employees involved with the excavation with respect to the applicable statutes, regulations, and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Va. Code Ann. §§ 56-265.17, 56-265.24;

H.    Failing to adequately supervise its employees and ensure that they complied with all applicable statutes, regulations and industry standards

regarding excavation in the area of underground utilities, including, but not limited to, the provisions of Va. Code Ann. §§ 56-265.17, 56-265.24;

I.   Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they related to the protection of underground utilities; and

J.   Failing to excavate in a careful and prudent manner.

16.   As a result of the MasTec's actions and/or omissions, MCI has sustained damage to and loss of use of its fiber-optic cable, which has resulted in actual damages to MCI in excess of $75,000.00.

17.   MasTec's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of MCI's rights and a conscious indifference to the consequences.

**WHEREFORE**, MCI prays this Court grant judgment in MCI's favor over and against MasTec on its Second Claim for Relief, awarding MCI actual damages in excess of $75,000.00; punitive damages in an amount deemed sufficient to punish MasTec for its actions; interest thereon as allowed by law; all costs of this action, including a reasonable attorney's fee; and such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

MCI COMMUNICATIONS
SERVICES, INC.

By Counsel

COUNSEL:

  /s/ Rachel D.G. Horvath                        
Rachel D.G. Horvath
Virginia Bar Number 80487
Attorney for Plaintiff, MCI Communications Services, Inc.
Morin & Barkley LLP
455 Second Street S.E., Suite 200
Post Office Box 240
Charlottesville, Virginia 22902
Phone: (434) 293-1200
Fax:  (434) 293-2135
rhorvath@morinandbarkley.com

Anthony J. Jorgenson*, Pro Hac Vice pending*
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, Oklahoma 73102
Telephone (405) 553 - 2876
Facsimile (405) 552-2855
ajorgenson@hallestill.com

James J. Proszek, *Pro Hac Vice Pending*
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK  74103
Telephone (918) 495-0400
Facsimile  (918) 495-0505
*jproszek@hallestill.com*


**ATTORNEYS FOR PLAINTIFF,**
**MCI COMMUNICATIONS SERVICES, INC.**
2650473.1:915100:01254