CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

05/24/2017

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MCI COMMUNICATIONS SERVICES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MASTEC NORTH AMERICA, INC., <br><br> *Defendant.* | CASE NO. 3:17–cv–00009 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

An excavator severed a telecommunications company's cable. The telecommunications company sued for trespass and negligence based on diversity-of-citizenship jurisdiction. The excavator has moved to dismiss parts of the Complaint. It argues: (1) the trespass claim should be dismissed; (2) the negligence claim cannot be based on the excavator's allegedly negligent training or supervision of employees; (3) attorneys' fees are not recoverable, and; (4) punitive damages are unavailable. The second and third arguments have merit; the first and fourth do not. Accordingly, the motion to dismiss will be granted in part and denied in part.

## THE ALLEGED FACTS

Plaintiff MCI Communications Services, Inc. (MCI) is a national telecommunications company that uses underground fiber-optic cable to provide services. (Complaint ¶ 6). MCI has an agreement with the Commonwealth of Virginia giving MCI "the right to construct, operate, maintain and reinstall a fiber-optic cable system in the right-of-way of certain railroads of" the Virginia Department of Transportation. (*Id.* ¶ 7). Under that agreement, MCI installed such a cable in a right-of-way near Lovingston, Virginia. (*Id.*).

On July 12, 2012, defendant MasTec North America, Inc. (Mastec) used excavation equipment near Lovingston. (Complaint ¶ 9). During the operation, "MasTec severed MCI's

fiber-optic cable," which "was buried completely within VDOT's property pursuant to MCI's agreement with VDOT." (*Id.* ¶ 10). The severed cable interfered with MCI's possessory rights and, obviously, caused the loss of use of the cable. (*Id.* ¶ 11). MCI alleges that MasTec's negligent acts or conduct included, *inter alia*, failing to train its employees on the relevant regulatory and safety standards, and failing to supervise its employees to ensure they comply with those standards. (*Id.* ¶¶ 15G–H).

MCI alleges that "MasTec's actions were intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of MCI's rights and a conscious indifference to the consequences." (*Id.* ¶ 17).

## STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim, the Court must accept as true all well-pled allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court disregards the Complaint's legal conclusions and arguments. *Iqbal*, 556 U.S. at 578–79.

## ANALYSIS

I.    **The Trespass Claim**

A.  Chattels

MasTec contends the Complaint cannot support a trespass to chattels claim, arguing only briefly that the claim fails because MasTec did not act intentionally. (Dkt. 8 at 3). In MasTec's view, the requisite intent is that MasTec dug *with the intent of severing* MCI's cable, rather than that MasTec *intentionally dug* but just so happened to sever the cable. (*See id*.). In support of its argument, MasTec cites only *American Online, Inc. v. IMS*, 24 F. Supp. 2d 548 (E.D. Va. 1998). Although *IMS* states that "trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization," it cited the Restatement of Torts rather than Virginia law, which is binding in this diversity case. *Id*. at 550.

Virginia state courts have held that the unpermitted use of personal property is sufficient to establish a trespass to chattels, for which the offender "is liable to its rightful possessor for actual damages suffered by reason of loss of its use." *Vines v. Branch*, 244 Va. 185, 190 (Va. 1992); *see DPR Inc. of Virginia v. Dinsmore*, 82 Va. Cir. 451 (Fairfax Cty. Cir. Ct. 2011) (observing that when "the personal property of another is used without authorization, but the conversion is not complete," there is trespass to chattels). All that is needed is an "unauthorized invasion of one's interest in personal property." *Level 3 Comm''ns, LLC v. William T. Cantrell, Inc.*, No. 3:12CV081-HEH, 2012 WL 1580468, at *2 (E.D. Va. May 4, 2012); *see also id*. at *3 (finding that, even under an intentionality standard, severance of underground cable causing damages suffices for trespass claim). Here, it is alleged that MasTec severed MCI's cable

without MCI's permission, and that such action impaired MCI's use of the cable. MCI has thus stated a claim for trespass to chattels, and MasTec's motion thus fails in this regard.[1]

B. **Real Property**

MCI also defends its trespass claim on the grounds that it pled a claim of trespass to land. (Dkt. 16 at 5–6). But MasTec sought dismissal of only the trespass to chattels theory in its moving brief, so the issue was not raised at the motion to dismiss stage. (*See* dkt. 8 at 3). Even on the merits, MasTec argues in its reply brief that MCI failed to alleged interference with a property interest sufficient to constitute a trespass to land. But Paragraph 7 of the Complaint refers to MCI's possessory right-of-way interest to "operate" and "maintain" its cables, which MCI has sufficiently alleged was interfered with by MasTec. The claim thus survives.

II. **Negligent Supervision or Training**

MasTec moves to dismiss MCI's negligence claim to the extent it relies on a negligent supervision or training theory. (Dkt. 8 at 4).

Judge Urbanski has provided an overview of whether Virginia recognizes negligent supervision claims, concluding that the matter is "uncertain." *Cook v. John Hancock Life Ins. Co. (U.S.A)*, No. 7:12-CV-00455, 2015 WL 178108, at *13–14 (W.D. Va. Jan. 14, 2015). Chief Judge Conrad has gone further, stating that "the vast majority of courts have interpreted [Virginia Supreme Court precedent] as foreclosing any cause of action for negligent supervision in Virginia," while a "small handful of Virginia circuit courts have speculated that [theory may not have been] completely ruled out." *Jones v. Kroger Ltd. P'ship I*, 80 F. Supp. 3d 709, 714 &

---

[1] MCI also responds to MasTec's motion to dismiss the trespass claim by asserting that MCI properly pled a *nuisance* claim. (Dkt. 16 at 7–9). But no such claim exists in the Complaint. "It is well-established that parties cannot amend their complaints through briefing." *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

n.2 (W.D. Va. 2015). I reached the same conclusion recently. *Jordan v. Stonemor Partners L.P.*, No. 6:16-CV-00048, 2017 WL 238449, at *4 (W.D. Va. Jan. 17, 2017); *see Muse v. Schleiden*, 349 F. Supp. 2d 990, 1001 (E.D. Va. 2004). And I find the summary of the law by Chief Judge Dorsey of the Roanoke County Circuit Court helpful and apt:

> Federal courts have construed [Virginia Supreme Court precedent] to hold that there is no cause of action for negligent supervision in Virginia. . . . Some state courts, on the other hand, have limited [that precedent] to its facts. . . . The holdings of these courts, however, represent the minority position, as the majority of state courts have interpreted [the precedent] as foreclosing any cause of action for negligent supervision in Virginia.

*In re Gilbertson v. Purdham*, 78 Va. Cir. 295, 2009 WL 7339865 at *2–3 (Cir. Ct. Roanoke Cty. 2009). The Court thus concludes that, along with the majority of the Virginia state and federal courts, that a negligence claim cannot survive on a failure-to-supervise theory.

Turning to the failure-to-train theory, MCI has not identified any Virginia case recognizing such a theory, but instead rests on general principles of negligence. (*See* dkt. 16 at 9–11). MasTec, on the other hand, had identified several cases holding that Virginia does not recognize a claim for negligent training. *E.g.*, *Al Shimari v. CACI Int'l, Inc.*, 951 F. Supp. 2d 857, 873 n.8 (E.D. Va. 2013), *vacated and remanded on other grounds*, 758 F.3d 516 (4th Cir. 2014); *Morgan v. Wal-Mart Stores E., LP*, No. 3:10CV669-HEH, 2010 WL 4394096, at *4 (E.D. Va. Nov. 1, 2010) (compiling state cases); *Johnson v. Dep't of Alcoholic Beverage Control*, No. 3:15-CV-00055, 2016 WL 7235836, at *10 (W.D. Va. Dec. 13, 2016); *Hernandez v. Lowe's Home Centers, Inc.*, 83 Va. Cir. 210, 2011 W: 8964944, at *2 (Norfolk Cir. Ct. 2011) (compiling cases).

For these reasons, the motion to dismiss will be granted as to the negligence claim, to the extent they rest on freestanding failure-to-train or failure-to-supervise theories. *See Davis v. Walmart Stores East, L.P.*, No. 16-1677, 2017 WL 1545416, at *2 (4th Cir. May 1, 2017)

(distinguishing "freestanding" negligence claims under Virginia law from a legal theory underlying a negligence claim). However, the negligence claim otherwise is properly pled and remains pending.

### III. Attorneys' Fees and Punitive Damages

MasTec argues MCI is not entitled to attorneys' fees, a position to which MCI's brief does not respond and about which the parties agreed at oral argument. (Dkt. 8 at 4; *see generally* dkt. 16). Consequently, the request for attorneys' fees will be dismissed.

The parties disagree about whether the Complaint supports relief in the form of punitive damages. The Complaint alleges that MasTec actions were "intentional, grossly negligence and/or reckless, and exhibited a willful and wanton disregard for MCI's rights." (Complaint ¶¶ 12–13, 17). Moreover, it is alleged that MasTec failed to follow standard operating procedures and disregarded known regulatory and industry safety standards, conduct which has been held to support punitive damages at the 12(b)(6) stage. *See Level 3 Commc'ns, LLC v. William T. Cantrell, Inc.*, No. 3:12CV081-HEH, 2012 WL 1580468 (E.D. Va. May 4, 2012). Further, the Court has already found that MCI adequately alleged an intentional tort. Finally, a Rule 12(b)(6) motion seeks dismissal of "claim," not a requested remedy. Taken together, these points are sufficient to warrant allowing the remedy of punitive damages to remain in the case, pending further discovery.

### SUMMARY

The motion to dismiss will be granted in part and denied in part. The negligence claim fails to the extent it relies on failure-to-train or failure-to-supervise theories. The request for attorneys' fees will also be dismissed. An appropriate order will issue.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this __24th__ day of May, 2017.

                                                  NORMAN K. MOON
                                                  UNITED STATES DISTRICT JUDGE